I agree that the trial court properly imposed the maximum prison term on appellant, at least with respect to counts one and two. I also agree that appellant was not prejudiced by the prosecutor's fleeting expression of his personal belief in the credibility of Detective Rinkus. However, I must dissent from the majority's determination that there was sufficient evidence to support appellant's conviction for corrupting another with drugs.
R.C. 2925.02 provides, in pertinent part:
(A) No person shall knowingly do any of the following:
* * *
(4) By any means, do any of the following:
* * *
 (c) Induce or cause a juvenile who is at least two years the offender's junior to commit a felony drug offense, when the offender knows the age of the juvenile or is reckless in that regard.
The words induce and cause are not statutorily defined, and I have been unable to find any decisional authority defining those terms in this context. The basic legal dictionary definitions are therefore helpful:
 Cause, * * * Each separate antecedent of an event. Something that precedes and brings about an effect or a result. A reason for an action or condition. * * * An agent that brings something about. That which in some manner is accountable for condition that brings about an effect or that produces a cause for the resultant action or state.
* * *
 Induce. To bring on or about, to affect, cause, to influence to an act or course of conduct, lead by persuasion or reasoning, incite by motives, prevail on.
Black's Law Dictionary (5th Ed. 1979) 200, 697.
 cause. * * * a consideration; motive; origin; that which produces or effects a result * * *; that from which anything proceeds, and without which it would not exist; that which supplies a motive,; that which decides action or constitutes the reason why anything is done.
* * *
 induce. To lead on, to influence, to prevail on, or move by persuasion or influence. * * *
Ballentine's Law Dictionary (3d Ed. 1969) 182, 615.
There is no evidence appellant persuaded, or prodded, or influenced, or prevailed upon Mechling, or provided him with a motive to sell cocaine. At best, the evidence shows that appellant was acting with Mechling. The simple fact that they were acting together does not demonstrate that appellant caused or induced Mechling to act.
An analogy to entrapment might also be fruitful. Such an analogy would suggest that proof that appellant provided Mechling with an opportunity to sell drugs would be insufficient to prove that appellant induced him. See Jacobson v. United States (1992), 503 U.S. 540, 549-50. That is all the evidence here shows; therefore, I would reverse appellant's conviction for corrupting another with drugs.